# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br>v.<br>VINCENT GEORGE PARKS,<br><br>Defendant/Petitioner. | Case No. 2:98-cr-00309-KJD-RJJ-2<br><br>**ORDER** |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#271). The Government filed a response (#273) to which Petitioner replied (#274). Also before the Court is Petitioner's Emergency Motion for Bail (#268). The Government filed a response (#273) to which Petitioner replied (#274). Also before the Court is Petitioner's Motion for Appointment of Counsel (#265). Also before the Court is Petitioner's Motion to Strike Government's Pleadings (#275). The Government filed a response (#276). Also before the Court is Petitioner's Motion to Expand Record and Grant Motions (#281).

I. Background

Following a jury trial, Petitioner was found guilty of: Count 1: conspiracy, a violation of 18 U.S.C. § 371; Count 2: armed bank robbery, a violation of 18 U.S.C. §§ 2113(a), 2113(d), (2),

and 3559(c)(1)(A)(i); Count 3: use of a firearm during and in relation to a crime of violence, a violation of §§ 924(c) and (2); and Count 5: felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g) and 924(a)(2). In September 2000, Petitioner was sentenced to a term of 60 months as to Count 1, a mandatory term of life as to Count 2, and 120 months as to Count 5, all running concurrently. Petitioner was also sentenced to a term of 60 months as to Count 3 to run consecutively with the previous three counts.

Petitioner appealed his sentence, and the Ninth Circuit affirmed. See U.S. v. Parks, 285 F.3d 1133 (9th Cir. 2002). In 2005, this Court denied Petitioner's first Motion to Vacate Sentence under § 2255. In June 2016, Petitioner filed the present successive § 2255 motion upon the authorization of the Ninth Circuit. The Ninth Circuit found Petitioner has made a prima facia showing for relief under Johnson v. United States, 135 S. Ct. 2551 (2015), and it authorized the filing of this motion with respect to the question of whether Petitioner is entitled to relief under Johnson.[1] Petitioner argues that in light of Johnson, he is no longer subject to his conviction and corresponding sentence under 18 U.S.C. § 924(c), nor his mandatory life sentence imposed under 18 U.S.C. § 3559(c)(1).

II. Analysis

*A. Federal Armed Bank Robbery is a Crime of Violence*

Petitioner's challenge to his conviction and sentence under 18 U.S.C. § 924(c) fails because armed bank robbery is a qualifying crime of violence. After the Ninth Circuit authorized Petitioner's successive § 2255 motion, it decided United States v. Watson, 881 F.3d 782 (9th Cir.

---

[1] In its order, the Ninth Circuit only authorized this Court to address issues related to Johnson v. United States, 135 S. Ct. 2551(2015), and did not determine whether Petitioner's application made a prima facie showing with respect to other claims. (#263). Thus, this Court shall only analyze Petitioner's claims directly related to that authorization.

2018), which foreclosed all Johnson challenges regarding armed bank robbery under § 924(c). In Watson, the court was faced with the question of "whether armed bank robbery under federal law is a crime of violence under 18 U.S.C. § 924(c)." Watson, 881 F.3d at 783–84. In response to this question, the Ninth Circuit straightforwardly stated, "We hold that it is." Id.

The Ninth Circuit elaborated, stating, "[B]ank robbery qualifies as a crime of violence because even its least violent form 'requires at least an implicit threat to use the type of violent physical force necessary to meet the Johnson standard.'" Id. at 785 (quoting U.S. v. Gutierrez, 876 F.3d 1254,1257 (9th Cir. 2017)). "Because bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed bank robbery. A conviction for armed bank robbery requires proof of all the elements of unarmed bank robbery." Id. at 786 (quoting U.S. v. Coleman, 208 F.3d 786, 793 (9th Cir. 2000)). Thus, armed bank robbery is definitively a crime of violence under 18 U.S.C. § 924(c), and Petitioner's challenge to his corresponding conviction and imposed sentence fails.

*B. Federal Armed Bank Robbery is an Enumerated "Serious Violent Felony"*

18 U.S.C. § 3559(c)(1) imposes mandatory life imprisonment on a defendant convicted of a "serious violent felony," if that defendant has been convicted on separate occasions of two or more "serious violent felonies." The statute enumerates certain federal crimes that qualify as "serious violent felonies," and also provides a general definition for other crimes that qualify. The statute specifically enumerates federal armed bank robbery in violation of 18 U.S.C. § 2113 as a "serious violent felony." Petitioner's instant offense, along with his two prior "serious violent felonies" were federal armed bank robbery convictions, in violation of 18 U.S.C. § 2113. Therefore, Petitioner's 18 U.S.C. § 3559(c)(1) mandatory life sentence is unaffected by Johnson's holding regarding the unconstitutionality of the residual clause, and it must stand.

1     *C. Certificate of Appealability*

2     In order for Petitioner to assert a right to appeal this final order, he must first warrant a certificate of appealability. 28 U.S.C. §2253(b), (c)(1). To do so, Petitioner must make "a substantial showing of the denial of a constitutional right," and "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000).

    Petitioner has not demonstrated a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate that Petitioner's motion lacks merit. With regard to Defendant's challenge to his conviction and sentence under 18 U.S.C. § 924(c), <u>Watson</u> is binding precedent on this Court, and directly rejects Defendant's argument. Further, as the Ninth Circuit noted in <u>Watson</u>, "in so holding, [it] joined every other circuit to address the same question." <u>Id.</u> at 785. Regarding Petitioner's challenge to his sentence under 18 U.S.C. § 3559(c)(1), there is no question Petitioner's prior convictions qualify as "serious violent felonies." They are enumerated offenses and not open to disagreement. Thus, this Court denies Petitioner a certificate of appealability.

<u>III. Conclusion</u>

    Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#271) is **DENIED**;

    IT IS FURTHER ORDERED that Defendant's Emergency Motion for Bail (#268) is **DENIED**;

    IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel (#265) is **DENIED**;

    IT IS FURTHER ORDERED that Defendant's Motion to Strike Government's Pleadings

(#275) is **DENIED**;

IT IS FURTHER ORDERED that Petitioner's Motion to Expand Record and Grant Motions (#281) is **DENIED**.

Dated this 9th day of May, 2018.

                                                Kent J. Dawson
                                                United States District Judge