UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:98-cr-0309-KJD-RJJ |
| Plaintiff, | **ORDER** |
| v. | |
| VINCENT GEORGE PARKS, | |
| Defendant. | |

There are three motions pending before the Court. First is a motion to vacate the Court's denial of Vincent Parks' motion to vacate the Court's order denying Parks' initial petition under 28 U.S.C. § 2255 (ECF No. 284), which the Court construes as a motion for reconsideration. Second is Parks' motion for sentencing transcripts (ECF No. 290) to which the government has responded (ECF No. 292), and Parks replied (ECF No. 293). Third is Parks' motion for appointment of counsel (ECF No. 318). For the reasons listed below, each motion is denied.

**I.   Background**

Parks and two co-defendants planned and carried out a takeover-style robbery of a Wells Fargo Bank in Las Vegas in August of 1998. Parks and one of his co-defendants entered the bank while the third waited in the car. Once inside the bank, the defendants ordered the patrons and employees to the floor. While one defendant guarded the door with a shotgun, the other jumped the counter and emptied the teller drawers into a pillowcase. Then they fled. All three were arrested shortly after the robbery. At the time of the arrests, police recovered over $72,000 in cash and three firearms. Superseding Indictment 4, ECF No. 25. Parks and his co-defendants were later indicted for armed bank robbery and use of a firearm in relation to a crime of violence. Indictment, ECF No. 1. The United States superseded the indictment six months later and charged Parks with conspiracy to commit armed bank robbery (count 1), armed bank robbery;

aiding and abetting (count 2), use of a firearm in relation to a crime of violence (count 3), and felon in possession of a firearm (count 5). The Court elected to sever Parks' felon in possession charge to avoid exposing the jury to his criminal history. The jury convicted Parks on each count of the superseding indictment. Verdict, ECF No. 78.

Unfortunately, this was not Parks' first armed bank robbery. Parks was convicted of federal armed bank robbery twice before, once in 1982 and again in 1989. See P.'s Resp. 2, ECF No. 273 (citing PSR ¶¶ 48, 49). Because Parks' prior bank robberies qualified as serious violent felonies under 18 U.S.C. § 3559 (the federal three-strikes law), he was eligible for a mandatory life sentence. That is the sentence he received. In addition to the life sentence, Parks also received a sixty-month consecutive sentence for his use of a firearm related to a crime of violence and five years of supervised release in the event he was ever released from custody. Parks appealed, and the Ninth Circuit affirmed his conviction and sentence. United States v. Parks, 285 F.3d 1133 (9th Cir. 2002). Since then, Parks has filed two unsuccessful petitions under 28 U.S.C. § 2255 (ECF Nos. 169, 271) and has twice unsuccessfully sought writs of mandamus from the Ninth Circuit (ECF Nos.277, 299). Parks now asks the Court to reconsider its order denying his second § 2255 petition and seeks appointment of counsel to aid him in filing another motion to vacate.

**II.     Analysis**

*A.   Parks' Motion to Alter or Amend the Court's Denial of His § 2255 Petition*

Parks first asks the Court to vacate its order denying his most recent § 2255 petition. In § 2255 actions, the Court applies the Federal Rules of Civil Procedure so long as they are consistent with the habeas rules and statutes. Rule 12, Rules Governing Section 2255 Cases. The Federal Rules of Civil Procedure provide two avenues to receive relief from judgment: Rule 59(e) and 60(b). Rule 59(e) allows a party to seek alteration or amendment of a judgment within twenty-eight days its entry. Reconsideration under Rule 59(e) is only appropriate (1) if the Court is presented with newly discovered evidence (2) if the Court committed clear error, leading to a "manifestly unjust" decision, or (3) an intervening change in the law requires a different outcome. School Dist. N.1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.

1993). As for Rule 60(b), reconsideration is only appropriate where the petitioner shows (1) mistake, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, (4) a void judgment, (5) a satisfied judgment, or (6) extraordinary circumstances that require relief. Fed. R. Civ. P. 60(b); Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

Parks does not specify which rule grants relief, but a brief review of his motion reveals that neither supports reconsideration here. Parks makes no argument that an intervening change in the law or mistake taints the Court's prior order. Nor does he cite to any newly discovered evidence or fraud that would warrant relief. From what the Court can discern from Parks' filings, he first argues that the Court failed to address the merits of his argument that conspiracy to commit armed bank robbery—not the substantive crime of armed bank robbery—does not qualify as a predicate offense to support his § 3559 life sentence. Second, Parks claims that his felon in possession conviction (18 U.S.C. § 922(g)) and his § 924(c) conviction subjected him to double jeopardy. Neither argument is persuasive.

Parks relies on the Supreme Court's decision in Johnson v. United States for the proposition that a conviction for conspiracy to commit armed bank robbery no longer qualifies as a crime of violence to support his life sentence under § 3559(c)(1). 135 S. Ct. 2551 (2015). Johnson invalidated the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B) ("ACCA") because it was too vague to constitutionally fix a defendant's sentence. Johnson, 135 S. Ct. at 2556. However, there was no reason for the Court to reach whether conspiracy constitutes a serious violent felony under § 3559 because each of Parks' three predicate offenses were for armed bank robbery, not conspiracy.[1] As the Court found, Parks was twice convicted of armed bank robbery, a crime that is specifically enumerated as a serious violent felony. See 18 U.S.C. § 3559(c)(1)(F). His most recent bank robbery served as the third and final strike, mandating a life sentence. There is no indication that Parks was ever convicted of solely conspiracy to commit armed bank robbery. In fact, in this case Parks was

---

[1] To the extent Parks argues that his § 3559(c)(1) life sentence is not valid because his third strike was conspiracy to commit armed bank robbery and not substantive armed bank robbery, that argument is unpersuasive. When read as a whole, Parks' superseding indictment provided ample notice that he was being charged with the substantive act of armed bank robbery, despite the indictment's errant heading. Further, the overt acts listed in count one of the superseding indictment adequately allege a crime of violence that supports Parks' conviction.

convicted of both crimes, conspiracy to commit armed bank robbery and the substantive crime itself. Given that there is no evidence that Parks' underlying crimes involve conspiracy, the Court did not err when it refused to reach that argument.

Parks' double jeopardy claims are similarly unavailing. The gist of Parks' original double jeopardy argument is that he could not both conspire to commit armed bank robbery while also aiding and abetting armed bank robbery. Mot. to Vacate or Correct Sent. 8, ECF No. 271. To punish Parks for both crimes, he claimed, would violate the Constitution's prohibition on double jeopardy. Parks' current motion, however, makes several new double jeopardy arguments that he did not make in his first petition. See Mot. to Vacate (ECF No. 284) at 8 (double jeopardy in light of Amendment 599 of the United States Sentencing Guidelines), 11 (double jeopardy in imposing the special assessments), 15 (double jeopardy in charging Parks under 18 U.S.C. § 2113(a) and (d)).[2] Because Parks' initial petition was limited to whether conspiracy to commit armed bank robbery and armed bank robbery could be charged as separate crimes, Parks' additional double jeopardy arguments are outside the scope of the Court's consideration. Accordingly, the Court declines to reach those arguments.

As for Parks' remaining argument—that he suffered double jeopardy being charged with conspiracy and aiding and abetting armed bank robbery—it is well settled that conspiracy does not merge with its related substantive offense. Conspiracy to commit a crime remains a separately punishable act from the crime itself. See Pinkerton v. United States, 328 U.S. 640, 643–44 (1946). As a result, there was no double jeopardy violation when Parks was charged with, convicted of, and sentenced for conspiracy to commit armed bank robbery and the armed bank robbery itself. Accordingly, Parks provides no basis for the Court to reconsider its prior order.

### B. Parks' Motion for Sentencing Transcripts

Next, Parks moves for sentencing transcripts under 28 U.S.C. § 753(f). Section 753(f)

---

[2] In addition to these double jeopardy arguments, Parks makes other arguments that were not even tangentially related to his initial § 2255 petition. See Mot. to Vacate at 20 (bringing ineffective assistance of counsel claim for the first time), 21 (bringing actual innocence claim for the first time). The Court will not entertain these arguments at the reconsideration stage because Parks did not include them in his original petition.

provides transcripts to an appellant free of charge upon the Court's determination that the appeal presents a legitimate question and is not frivolous. However, as the government points out, Parks does not have an appeal pending. Further, the Court has denied Parks a certificate of appealability, explicitly finding that reasonable jurists could not disagree whether he had suffered a constitutional deprivation. See Order 4, ECF No. 282 (citing Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The Court has also denied Parks' motion for reconsideration. Seeing that there is no appealable issue here, the Court cannot find that a new appeal would present a legitimate, non-frivolous question. Accordingly, the Court denies Parks' motion for sentencing transcripts.

### C. Parks' Motion for Appointment of Council

Finally, Parks asks the Court to appoint counsel to help him file a third § 2255 petition. He claims that he has tried diligently to acquire counsel but has been unable to do so while incarcerated. Motion for Appt. of Counsel 1–2, ECF No. 318. Generally, an indigent defendant does not have a right to counsel while pursuing post-conviction habeas relief. However, the Court must appoint counsel to represent an indigent § 2255 petitioner if denial of counsel would amount to a deprivation of the petitioner's due process rights. Dillon v. United States, 307 F.2d 445, 446–47 (9th Cir. 1962). For all other cases, whether to appoint counsel rests in the discretion of the trial judge. Brown v. United States, 623 F.2d 54, 61 (9th Cir. 1980).

Parks does not specify why his successive petition is so complex that denial of counsel would effectively deprive him of his due process rights. He merely claims that appointment of counsel is "necessary to protect the fairness and integrity or public reputation of the appellate proceedings." Mot. for Appt. of Counsel at 2. However, the Court cannot conclude from that statement alone that Parks will suffer a deprivation of his due process rights unless he receives counsel. Therefore, the Court denies Parks' motion for appointment of counsel.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Parks' motion to vacate (ECF No. 284), his motion for sentencing transcripts (ECF No. 290), and his motion for appointment of counsel (ECF No. 318) are **DENIED**.

Dated this 8th day of July, 2020.

                                                                   _____
                                                                   Kent J. Dawson
                                                                   United States District Judge